IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SSL SERVICES, LLC,<br>   *Plaintiff,*<br><br>v.<br><br>CITRIX SYSTEMS, INC., and,<br>CITRIX ONLINE, LLC,<br>   *Defendants.* | CIVIL ACTION NO. 2:08-cv-158<br><br>**JURY DEMAND REQUESTED** |

## **ORIGINAL COMPLAINT**

SSL Services, LLC, plaintiff in the above-entitled and numbered civil action, makes this complaint against defendants Citrix Systems, Inc. and Citrix Online, LLC, as follows:

## **NATURE OF ACTION**

1. This is a patent infringement action in which plaintiff seeks compensatory and exemplary damages, a reasonable royalty, and injunctive relief.

2. The suit concerns virtual private network (VPN) technology. A VPN is a private communications network to communicate confidentially over a public network (e.g., the Internet). Essentially two types of network architectures are used in forming VPNs: "client-server"; and "peer-to-peer." Most VPN networks covering wide areas operate under a client-server architecture. Under this architecture, a computer (known as a "server") is responsible for servicing requests made by individual users through computers (known as "clients") connected to the network. A peer-to-peer architecture, in contrast, is an architecture where network users,

which are basically client machines, communicate with each other directly without the intervention of a server. Any requests made by a network user must thereby be serviced by another client. This case relates to a patented invention that incorporates aspects of both the client-server and peer-to-peer architectures such that it allows clients to communicate with each other in a secure manner over a VPN.

## JURISDICTION AND VENUE

3. This action arises under the United States patent laws, 35 U.S.C. §§ 271 and 281-285.

4. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

5. This Court has personal jurisdiction over the defendants because they regularly do business and sell infringing products and services in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§1391(b) and (c), and 1400(b).

## PARTIES

7. Plaintiff SSL Services, LLC ("SSL") is a limited liability company organized and existing under the laws of the State of Maryland, and has a principal place of business at 11105 South Glen Road, Potomac, Maryland, 20854.

8. On information and belief, defendant, Citrix Systems, Inc. ("CSI"), is a corporation organized and existing under the laws of the State of Delaware, conducts business throughout the United States, including in this judicial district, and has its principal place of business at 851 West Cypress Creek Road, Fort Lauderdale, Florida, 33309. CSI has appointed

its agent for service as follows: CT Corporation System, 350 North St. Paul Street, Dallas, Texas, 75201.

9. On information and belief, defendant, Citrix Online, LLC ("COL"), is a limited liability company organized and existing under the laws of the State of Delaware, conducts business throughout the United States, including in this judicial district, and has its principal place of business at 6500 Hollister Avenue, Goleta, California, 93117.  COL has appointed its agent for service as follows: CT Corporation System, 350 North St. Paul Street, Dallas, Texas, 75201.

10. CSI and COL (collectively, "defendants") are engaged in the business of manufacturing, importing, selling, and/or offering to sell Internet-based access, support, and collaboration software and services in this judicial district and throughout the United States.  An example of these products and services include, but are not limited to, GoToMyPC®, a solution for remote, secure, and managed desktop personal computer access over the Internet.  (These products and services are collectively referred to as "the GoTo Products/Services.")

## CLAIMS FOR RELIEF

11. On May 9, 2000, United States Patent No. 6,061,796 ("the '796 patent"), entitled "Multi-Access Virtual Private Network" was duly and legally issued.  A copy of the '796 patent is attached hereto as Exhibit A.

12. SSL is the lawful owner of all right, title, and interest in and to the '796 patent.

13. Defendants' GoTo Products/Services use, incorporate, and embody the inventions claimed in the '796 patent, and are covered by one or more claims of the '796 patent. Consequently, the manufacture, use, offer for sale, sale and/or importation of defendants'

3

<8>

products and/or services constitutes direct infringement of the '796 patent literally or under the doctrine of equivalents.

14. On information and belief, defendants have made, used, offered for sale and/or sold the GoTo Products/Services in the United States and in this district. They have therefore directly infringed the '796 patent in violation of 35 U.S.C. §271(a).

15. On information and belief, defendants have contributed to the infringement of the '796 patent in violation of 35 U.S.C. §271(c) by offering to sell, selling, and/or importing the GoToProducts/Services in whole or in part as a component of (and/or for use in practicing) the invention claimed in the '796 patent, knowing the same to be especially made or especially adapted for use in an infringement of the '796 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

16. The aforesaid infringing activities have damaged SSL and, unless enjoined, will continue to cause it irreparable harm for which it has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SSL prays for judgment as follows:

A. Adjudging that CSI and COL have infringed and/or contributorily infringed the '796 patent;

B. Awarding SSL damages adequate to compensate it for infringement of the '796 patent, together with interest and costs, pursuant to 35 U.S.C. §284;

C. A judgment that this case is exceptional under 35 U.S.C. §285, and that SSL is entitled to an award of attorney's fees in the prosecution of its action;

D. Permanently enjoining CSI and COL and the respective officers, agents, employees, customers, and those acting in privity with them, from further infringement and/or

contributory infringement of the '796 patent; and

    E.  For such other costs and further relief as the Court may deem proper and just.

            Respectfully submitted,

            _____
            Eric M. Albritton
            Texas State Bar No.  00790215
            Lead Attorney
            ALBRITTON LAW FIRM
            P.O. Box 2649
            Longview, Texas 75606
            (903) 757-8449 (phone)
            (903) 758-7397 (fax)
            ema@emafirm.com

OF COUNSEL

Gary M. Hoffman
 DC Bar No. 141481
Charles D. Ossola
 DC Bar No. 295022
Eric Oliver
 DC Bar No. 443697
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
(202) 420-2200 (phone)
(202) 420-2201 (fax)
hoffmang@dicksteinshapiro.com
ossolac@dicksteinshapiro.com
olivere@dicksteinshapiro.com    **ATTORNEYS FOR PLAINTIFF**

5