IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SSL SERVICES, LLC,<br>    *Plaintiff,*<br><br>v.<br><br>CITRIX SYSTEMS, INC., and,<br>CITRIX ONLINE, LLC,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 2:08-CV-158(TJW)<br><br>**JURY DEMAND REQUESTED** |

**FIRST AMENDED COMPLAINT**

SSL Services, LLC, Plaintiff in the above-entitled and numbered civil action, avers in its First Amended Complaint against Defendants Citrix Systems, Inc. and Citrix Online, LLC, as follows:

**NATURE OF ACTION**

1.   This is a patent infringement action in which Plaintiff seeks compensatory and exemplary damages, a reasonable royalty, and injunctive relief.

2.   The suit concerns virtual private network ("VPN") technology. A VPN is a private communications network to communicate confidentially over a public network (*e.g.*, the Internet). Essentially two types of network architectures are used in forming VPNs: "client-server"; and "peer-to-peer." Most VPN networks covering wide areas operate under a client-server architecture. Under this architecture, a computer (known as a "server") is responsible for servicing requests made by individual users through computers (known as "clients") connected

to the network. A peer-to-peer architecture, in contrast, is an architecture where network users, which are basically client machines, communicate with each other directly without the intervention of a server. Any requests made by a network user must thereby be serviced by another client. The first patent at issue in this case – U.S. Patent No. 6,061,796 – relates to a patented invention that incorporates aspects of both the client-server and peer-to-peer architectures such that it allows clients to communicate with each other in a secure manner over a VPN. The second patent at issue in this case – U.S. Patent No. 6,907,530 – relates to a patented invention that allows client-server communication in a secure manner over a VPN.

## JURISDICTION AND VENUE

3. This action arises under the United States patent laws, 35 U.S.C. §§ 271 and 281-285.

4. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over the Defendants because they regularly do business and sell infringing products and services in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## PARTIES

7. Plaintiff SSL Services, LLC ("SSL") is a limited liability company organized and existing under the laws of the State of Maryland, and has a principal place of business at 11105 South Glen Road, Potomac, Maryland, 20854.

8. On information and belief, Defendant Citrix Systems, Inc. ("CSI"), is a corporation organized and existing under the laws of the State of Delaware, conducts business

throughout the United States, including in this judicial district, and has its principal place of business at 851 West Cypress Creek Road, Fort Lauderdale, Florida, 33309.  CSI has appointed its agent for service as follows:  CT Corporation System, 350 North St. Paul Street, Dallas, Texas, 75201.

9. On information and belief, Defendant Citrix Online, LLC ("COL"), is a limited liability company organized and existing under the laws of the State of Delaware, conducts business throughout the United States, including in this judicial district, and has its principal place of business at 6500 Hollister Avenue, Goleta, California, 93117.  COL has appointed its agent for service as follows: CT Corporation System, 350 North St. Paul Street, Dallas, Texas, 75201.

10. CSI and COL (collectively, "Defendants") are engaged in the business of manufacturing, importing, selling, and/or offering to sell Internet-based access, support, and collaboration software and services in this judicial district and throughout the United States.  An example of these products and services include, but are not limited to, GoToMyPC®, a solution for remote, secure, and managed desktop personal computer access over the Internet.  (These products and services are collectively referred to as "the GoTo Products/Services.")

11. CSI is engaged in the business of manufacturing, importing, selling, and/or offering to sell Applications Server and VPN software and hardware products in this judicial district and throughout the United States.  An example of these products and services include, but are not limited to, combinations of Defendants' products such as:  (a) one of Java Independent Computing Architecture ("Java ICA") or XenApp Java Client; (b) Access Gateway or Netscaler product; and (c) one of its XenApp or Presentation Server or MetaFrame or

XenDesktop or AccessEssentials products.  (Products and services included in (a) through (c) are collectively referred to as "CSI Software/Hardware Products and/or Services".)

**FIRST CLAIM FOR RELIEF**

**(Patent Infringement of U.S. Patent No. 6,061,796)**

12. SSL incorporates by reference the allegations contained in paragraphs 1 through 11 above.

13. On May 9, 2000, United States Patent No. 6,061,796 ("the `796 patent"), entitled "Multi-Access Virtual Private Network" was duly and legally issued.  A copy of the `796 patent is attached hereto as Exhibit A.

14. SSL is the lawful owner of all right, title, and interest in, and to, the `796 patent.

15. Defendants' GoTo Products/Services use, incorporate, and embody the inventions claimed in the `796 patent, and are covered by one or more claims of the `796 patent. Consequently, the manufacture, use, offer for sale, sale, and/or importation of defendants' products and/or services constitute direct infringement of the `796 patent literally, or under the doctrine of equivalents.

16. On information and belief, Defendants have made, used, offered for sale, and/or sold the GoTo Products/Services in the United States and in this district.  They have therefore directly infringed the `796 patent in violation of 35 U.S.C. § 271(a).

17. On information and belief, Defendants are further liable as active inducers of infringement of the `796 patent in violation of 35 U.S.C. § 271(b) because they have knowingly aided and abetted use of the GoToProducts/Services to result in the infringement of the `796 patent.

18.     On information and belief, Defendants have contributed to the infringement of the `796 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the GoToProducts/Services in whole, or in part, as a component of (and/or for use in practicing) the invention claimed in the `796 patent, knowing the same to be especially made or especially adapted for use in an infringement of the `796 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

19.     On information and belief, Defendants had actual knowledge of the `796 patent at the time infringement of the claims of the `796 patent began. Despite being aware of the `796 patent, Defendants have continued their acts of infringement of the `796 patent.

20.     On information and belief Defendants have willfully undertaken and carried out the aforesaid infringing activities with knowledge of the `796 patent and in total disregard of SSL's lawful rights under the `796 patent.

21.     The aforesaid infringing activities have damaged SSL and, unless enjoined, will continue to cause it irreparable harm for which it has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Patent Infringement of U.S. Patent No. 6,907,530)

22.     SSL incorporates by reference the allegations contained in paragraphs 1 through 11 above.

23.     On June 14, 2005, United States Patent No. 6,907,530 ("the `530 patent"), entitled "Secure Internet Applications With Mobile Code" was duly and legally issued. A copy of the `530 patent is attached hereto as Exhibit B.

24.     SSL is the lawful owner of all right, title, and interest in, and to, the `530 patent.

25. One of Defendant CSI's Java ICA or XenApp Java Client products in combination with its Access Gateway product and in combination with one of its XenApp or Presentation Server or MetaFrame or XenDesktop or AccessEssentials products ("First Combination of Products/Services") use, incorporate, and embody the inventions claimed in the `530 patent, and are covered by one or more claims of the `530 patent. Consequently, the manufacture, use, offer for sale, sale, and/or importation of the cited combinations of Defendant CSI's products and/or services constitute direct infringement of the `530 patent literally or under the doctrine of equivalents.

26. One of Defendant CSI's Java ICA or XenApp Java Client products in combination with its Netscaler product and in combination with one of its XenApp or Presentation Server or MetaFrame or XenDesktop or AccessEssentials products ("Second Combination of Products/Services") use, incorporate, and embody the inventions claimed in the `530 patent, and are covered by one or more claims of the `530 patent. Consequently, the manufacture, use, offer for sale, sale, and/or importation of the cited combinations of Defendant CSI's products and/or services constitute direct infringement of the `530 patent literally or under the doctrine of equivalents.

27. On information and belief, Defendant CSI has made, used, offered for sale, and/or sold the First and Second Combinations of Products/Services in the United States and in this district. It has therefore directly infringed the `530 patent in violation of 35 U.S.C. §271(a).

28. On information and belief Defendant CSI is further liable as an active inducer of infringement of the `530 patent in violation of 35 U.S.C. § 271(b) because it has knowingly aided and abetted others to use the First and Second Combinations of Products/Services to result in the infringement of the `530 patent.

29. On information and belief Defendant CSI is liable as a contributory infringer of the `530 patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the First and Second Combinations of Products/Services, in whole, or in part, as a component of (and/or for use in practicing) the invention claimed in the `530 patent, knowing the same to be especially made or especially adapted for use in an infringement of the `530 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

30. On information and belief Defendant CSI is liable as a contributory infringer of the `530 patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing at least one of the CSI Software/Hardware Products and/or Services as a component of (and/or for use in practicing) the invention claimed in the `530 patent, knowing the same to be especially made or especially adapted for use in infringement of the `530 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

31. On information and belief, Defendant CSI had actual knowledge of the `530 patent at the time infringement of the claims of the `530 patent began.  Despite being aware of the `530 patent, Defendant CSI has continued its acts of infringement of the `530 patent.

32. On information and belief, Defendant CSI has willfully undertaken and carried out the aforesaid infringing activities with knowledge of the `530 patent and in total disregard of SSL's lawful rights under the `530 patent.

33. The aforesaid infringing activities have damaged SSL and, unless enjoined, will continue to cause it irreparable harm for which it has no adequate remedy at law.

## JURY DEMAND

SSL hereby requests a trial by jury on all issues.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SSL prays for judgment as follows:

A. Adjudging that CSI and COL have infringed, contributorily infringed, and/or actively induced infringement of the `796 patent, and that such infringement, contributory infringement, and/or inducement of infringement has been willful;

B. Declaring and adjudging that the past and present manufacture, use, sale, importations, and/or offer for sale of the GoTo Products/Services constitute infringement, contributory infringement, and/or inducement of infringement of the `796 patent;

C. Awarding SSL damages adequate to compensate it for infringement of the `796 patent, increased threefold for willfulness, together with interest and costs, pursuant to 35 U.S.C. § 284;

D. Adjudging that CSI has infringed, contributorily infringed, and/or induced infringement of the `530 patent, and that such infringement, contributory infringement, and/or inducement of infringement has been willful;

E. Declaring and adjudging that the past and present manufacture, use, sale, importations, and/or offer for sale of the First and Second Combinations of Products/Services constitute infringement, contributory infringement, and/or inducement of infringement of the `530 patent;

F. Awarding SSL damages adequate to compensate it for infringement of the `530 patent, increased threefold for willfulness, together with interest and costs, pursuant to 35 U.S.C. § 284;

G. A judgment that this case is exceptional under 35 U.S.C. § 285, and that SSL is entitled to an award of attorney's fees in the prosecution of its action; and

      H.      For such other costs and further relief as the Court may deem proper and just.

                      Respectfully submitted,

                      */s/ Eric M. Albritton*

                      Eric M. Albritton
                      Texas State Bar No. 00790215
                      Lead Attorney
                      ALBRITTON LAW FIRM
                      P.O. Box 2649
                      Longview, Texas 75606
                      (903) 757-8449 (phone)
                      (903) 758-7397 (fax)
                      ema@emafirm.com

OF COUNSEL

Gary M. Hoffman
  DC Bar No. 141481
Charles D. Ossola
  DC Bar No. 295022
Eric Oliver
  DC Bar No. 443697
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
(202) 420-2200 (phone)
(202) 420-2201 (fax)
hoffmang@dicksteinshapiro.com
ossolac@dicksteinshapiro.com
olivere@dicksteinshapiro.com        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 5th day of November, 2008.

Eric M. Albritton