IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SSL SERVICES, LLC,<br>　　Plaintiff,<br><br>v.<br><br>CITRIX SYSTEMS, INC., and<br>CITRIX ONLINE, LLC,<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2-08-cv-158-TJW |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff SSL Services, LLC's ("SSL") Motion to Compel Defendants' Production of Damages Expert Reports. After considering the parties written submissions and the applicable law, the Court is of the opinion that SSL's motion should be DENIED.

SSL alleges that Defendants Citrix Systems, Inc. and Citrix Online, LLC (collectively "Citrix") infringe claim 27 of U.S. Patent No. 6,061,796 ("the '796 patent"). The '796 patent issued on May 9, 2000. SSL filed this lawsuit on April 11, 2008, accusing various of Citrix's products, including GoToMyPC, GoToMeeting, GoToAssist, and GoToWebinar (collectively "the GoTo services"). The '796 patent is entitled "Multi-Access Virtual Private Network" and teaches data encryption and mutual authentication services to allow private communications over a public network. '796 Patent at Title, Claim 27.

SSL asks this Court to compel the production of "expert reports from both Citrix and its patentee opponents in prior patent litigations that involved one or more of [the GoTo services] in this case." Plaintiffs Brief at 1. Citrix argues that the reports are not relevant, are not reasonably calculated to lead to admissible evidence, and their production would be unduly burdensome

because they are subject to a protective order.

I.     **Legal Standard**

Rule 26(b)(1) governs the scope of discovery, providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" or "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

As the Fifth Circuit has repeatedly instructed, "'[a] district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Beattie v. Madison County Sch. Dist.,* 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 855 (5th Cir .2000)). *See also Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000). The party requesting discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. *See* FED. R. CIV. P. 37; *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D.Tex.2006) ("[Rule] 37(a)[(3)(B)(iii) and (iv)] empowers the court to compel the production of documents . . . upon motion by the party seeking discovery."). Materials and information are discoverable if they are "relevant to any party's claim or defense" or if they "appear[] reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Knight,* 241 F.R.D. at

263. Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted. *See Spiegelberg Mfg., Inc. v. Hancock,* No. 3-07-cv01314-G, 2007 WL 4258246, at *1 (N.D.Tex. Dec.3, 2007); *Gauthier v. Union Pacific R.R. Co.,* No. 1:07-CV-12, 2008 WL 247016, at *3 (E.D. Tex. June 18, 2008); *see also* FED. R. CIV. P.  26(b)(2) (Courts must limit discovery if 1) the discovery sought is shown to be unreasonably cumulative or duplicative, or is more easily obtainable from another, more convenient source; 2) the party seeking discovery has had ample opportunity to obtain the information sought; or 3) the burden or expense of the discovery outweighs its likely benefit.).

**II.     Discussion**

Citrix is a defendant in unrelated lawsuits filed by Accolade Systems, LLC, 6:07-cv-048-LED (E.D. Tex.) ("the Accolade case"), and 01 Communique Laboratory, Inc., 06-cv-253-AA (N.D. Ohio) ("the 01 Communique case").[1]  In the Accolade case, Accolade Systems asserted U.S. Patent No. 7,130,888 ("the '888 patent") against Citrix's GoTo services. The '888 patent issued on October 31, 2006.  In the 01 Communique case, U.S. Patent No. 6,928,479 ("the '479 patent") was asserted against Citrix's GoToMyPC.  The '479 patent issued on August 9, 2005.   SSL complains that Citrix has not produced damages expert reports from the Accolade case or the 01 Communique case.   Citrix argues that it has produced the financial data underlying the reports, making the opinions of an expert from unrelated cases irrelevant and duplicative.

The '888 patent, the patent-in-suit in the Accolade case, is entitled "Method and Apparatus

---

[1] Citrix is a defendant in a third case in which the GoTo servers were accused, Rothschild Trust Holdings, LLC v. Citrix Systems, Inc. et al, No. 06-21359-CIV-KING (S.D. Fla.).   However, the parties did not exchange damages reports in that case.

for Controlling a Computer over a TCP/IP Protocol Network." The '888 patent teaches using a client computer to control a host computer through a web page, after establishing a secure connection via that web page. *See* '888 patent, Claim 1. Three expert reports were produced in the Accolade case, two by Accolade's expert Michael Wagner and one by Citrix's expert, Daniel Jackson. Their reports were designated "Confidential" and are subject to a protective order. Neither Mr. Wagner nor Mr. Jackson has been retained in this case. Mr. Wagner's opinions "address[] previous Accolade settlement agreements with third parties and the licenses that emerged from those settlements." Defendant's Resp. at 9. [Dkt. No. 61]

The '479 patent, asserted in the 01 Communique case, is entitled "System Computer Product and Method for Providing a Private Communication Portal" and teaches locating a computer with a dynamic IP address. The parties in the 01 Communique case produced two reports regarding damages, one by 01 Communique expert James Malackowski and another by Citrix expert Christopher Martinez. The reports were designated "Confidential," are subject to a protective order, and neither expert has been retained in this case. In the 01 Communique case, the Plaintiff requested lost profits damages as well as a reasonable royalty.

As a preliminary matter, the Court must decide whether the expert reports from the unrelated lawsuits are relevant. *See* FED. R. CIV. P. 26(b)(1). Citrix argues that the opinions of the damages experts are irrelevant because the other cases involve "different patents, different technologies, and different GoTo functionalities, as well as different damages periods and hypothetical negotiations." Defendant's Resp. at 8. SSL argues that the reports are relevant because they contain analyses that "will influence SSL's damages claims and could even aid SSL in earlier valuations of the case that may lead to reasonable offers of settlement." Plaintiff's Reply at 2. [Dkt. No. 62] Moreover, SSL believes that producing the reports will further the

Federal Rules of Civil Procedure's aims of promoting speedy and inexpensive litigation: "Not only are the Prior Expert Reports relevant to SSL's damages claims, but obtaining these reports will save SSL considerable time and expense by allowing it to quickly locate the most relevant information out of the approximately 2,707,838 pages Citrix has thus far produced."  Plaintiff's Reply at 5.  [Dkt. No. 62]

The Court must weigh the burden of discovery against its likely benefit.  *See* FED. R. CIV. P. 26(b)(2).  The burden on Citrix to produce these reports includes petitioning the courts in the other cases for a modification of the protective order.  The benefit that SSL will receive is minimal.  SSL already has the relevant underlying data and the analyses will be of little value because they come from different experts, relate to different patents, different financial data, and different plaintiffs.  The benefit of saving litigation expenses by short-cutting the damages analysis does not affect the burden-benefit analysis.

For the reasons stated herein, the Court is of the opinion that the producing the damages expert reports from the Accolade case and the 01 Communique case would be duplicative and unduly burdensome.   SSL's motion to compel is DENIED.

It is SO ORDERED.

SIGNED this  8th  day of February, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE