IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |  |
|---|---|---|
| SSL SERVICES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:08-CV-158-TJW |
| CITRIX SYSTEMS, INC., and, CITRIX ONLINE, LLC, | § § § § | **JURY DEMAND REQUESTED** |
| Defendants. | § § § | |

**PLAINTIFF SSL SERVICES' ANSWER TO COUNTERCLAIMS INCLUDED IN DEFENDANTS' FIRST AMENDED ANSWER TO SECOND AMENDED COMPLAINT**

SSL Services, LLC, plaintiff/Counterclaim Defendant in the above-entitled and numbered civil action, answers herein in response to Counterclaims made by Defendants/Counterclaimants Citrix Systems, Inc. ("CSI") and Citrix Online, LLC ("COL") (collectively "Defendants") in Defendants' first amended answer (D.I. 66) to the second amended complaint. SSL denies each and every allegation made and contained in Defendants' Affirmative Defenses to the extent that they have been incorporated into any of Defendants' Counterclaims, and each and every allegation made in a Counterclaim, not specifically admitted or otherwise responded to in this Answer. SSL replies to the enumerated paragraphs of Defendants' Counterclaims as follows:

**PARTIES**

57. On information and belief, SSL admits these allegations.

58. On information and belief, SSL admits these allegations.

59. SSL admits these allegations.

## NATURE OF THE COUNTERCLAIMS

60. SSL admits these allegations are counterclaims. SSL otherwise denies the allegations.

61. SSL admits that it is the lawful owner of all right, title, and interest in and to U.S. Patent No. 6,061,796 ("the '796 patent"), and that Defendants infringe the claims of the '796 patent. SSL otherwise denies the allegations.

62. SSL admits that it is the lawful owner of all right, title, and interest in and to U.S. Patent No. 6,158,011 ("the '011 patent"), and that Defendant Citrix Systems, Inc. infringes the claims of the '011 patent. SSL otherwise denies the allegations.

63. SSL admits that it is the lawful owner of all right, title, and interest in and to U.S. Patent No. 6,907,530 ("the '530 patent"), and that Defendant Citrix Systems, Inc. infringes the claims of the '530 patent. SSL otherwise denies the allegations.

64. SSL admits there is an actual controversy as to whether Defendants infringe the claims of the '796 patent and whether the claims of the '796 patent are valid, whether Defendant Citrix Systems, Inc. infringes the claims of the '011 patent and whether the claims of the '011 patent are valid, and as to whether Defendant Citrix Systems, Inc. infringes the claims of the '530 patent and whether the claims of the '530 patent are valid. SSL otherwise denies the allegations.

## JURISDICTION

65. Except as otherwise denied, SSL admits these allegations.

66. SSL admits these allegations.

67. SSL admits these allegations.

## DEFENDANTS' FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '796 Patent)**

68. SSL hereby incorporates by reference the responses to paragraphs 57-67 above as if fully set forth herein.

69. SSL denies these allegations.

70. These allegations are a prayer for relief as to which no response is required. To the extent that further pleading is required, SSL denies that Defendants are entitled to the relief requested.

## DEFENDANTS' SECOND COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '011 Patent)**

71. SSL hereby incorporates by reference the responses to paragraphs 57-67 above as if fully set forth herein.

72. SSL denies these allegations.

73. These allegations are a prayer for relief as to which no response is required. To the extent that further pleading is required, SSL denies that Defendant Citrix Systems, Inc. is entitled to the relief requested.

## DEFENDANTS' THIRD COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '530 Patent)**

74. SSL hereby incorporates by reference the responses to paragraphs 57-67

above as if fully set forth herein.

75. SSL denies these allegations.

76. These allegations are a prayer for relief as to which no response is required. To the extent that further pleading is required, SSL denies that Defendant Citrix Systems, Inc. is entitled to the relief requested.

### DEFENDANTS' FOURTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '796 Patent)**

77. SSL hereby incorporates by reference the responses to paragraphs 57-67 above as if fully set forth herein.

78. SSL denies these allegations.

79. These allegations are a prayer for relief as to which no response is required. To the extent that further pleading is required, SSL denies that Defendants are entitled to the relief requested.

### DEFENDANTS' FIFTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '011 Patent)**

80. SSL hereby incorporates by reference the responses to paragraphs 57-67 above as if fully set forth herein.

81. SSL denies these allegations.

82. These allegations are a prayer for relief as to which no response is required. To the extent that further pleading is required, SSL denies that Defendant Citrix Systems, Inc. is entitled to the relief requested.

## DEFENDANTS' SIXTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '530 Patent)

83. SSL hereby incorporates by reference the responses to paragraphs 57-67 above as if fully set forth herein.

84. SSL denies these allegations.

85. These allegations are a prayer for relief as to which no response is required. To the extent that further pleading is required, SSL denies that Defendant Citrix Systems, Inc. is entitled to the relief requested.

## PRAYER FOR RELIEF

Plaintiff denies that Defendants CITRIX SYSTEMS, INC. and CITRIX ONLINE LLC are entitled to any of the relief prayed for in its Counterclaims, and SSL respectfully requests a judgment against Defendants as follows:

A. Dismiss Defendants' Counterclaims with prejudice;

B. Deny all relief requested by Defendants;

C. Enter judgment in favor of SSL and against Defendants;

D. Declare this case exceptional under 35 U.S.C. §285; and

E. An award to Plaintiff of its costs and attorney's fees incurred in this action; and

F. Grant such other further relief as it may deem just and proper.

## JURY DEMAND

SSL demands a jury trial on all issues in Defendants' counterclaims triable to a jury.

Respectfully submitted,

/s/ Eric M. Albritton
Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)
ema@emafirm.com

Gary M. Hoffman
  DC Bar No. 141481
Charles D. Ossola
  DC Bar No. 295022
Eric Oliver
  DC Bar No. 443697
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
(202) 420-2200 (phone)
(202) 420-2201 (fax)
hoffmang@dicksteinshapiro.com
ossolac@dicksteinshapiro.com
olivere@dicksteinshapiro.com

*Counsel for SSL Services, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this answer was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. R. 5(d) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 10th day of March, 2010.

/s/ Eric M. Albritton
Eric M. Albritton