IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SSL SERVICES, LLC | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:08-cv-158-JRG |
| | § | |
| CITRIX SYSTEMS, INC., et al. | § | |
|     Defendants. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   Introduction**

Before the Court is Defendants Citrix Systems, Inc. and Citrix Online, LLC (collectively, "Citrix") Motion for Partial Stay of the Case in Light of the Final Rejection of All Asserted Claims of U.S. Patent No. 6,158,011. (Dkt. No. 162.) After carefully considering the parties' written submissions, the Court DENIES Citrix's Motion.

**II.   Facts**

Plaintiff SSL Services LLC ("SSL") filed suit on April 11, 2008, alleging that Citrix infringes U.S. Patent Nos. 6,061,796 ("the '796 patent") and 6,158,011 ("the '011 patent"). Both patents share the same specification, the same inventors and the same priority dates. Discovery commenced in this case on December 28, 2008. Citrix served its Amended Invalidity Contentions on August 10, 2009. Citrix's contentions disclosed and analyzed multiple prior art references, including U.S. Patent No. 6,101,543 ("Alden"). Over one year after serving its Amended Invalidity Contentions, Citrix filed a request for reexamination of the '011 patent based on four prior art references, including Alden. Two months later, on November 17, 2010, the USPTO issued an order granting reexamination of the '011 patent, finding that "[a] substantial

new question of patentability affecting claims 2, 4 and 7 of the '011 patent was raised by the request for *ex parte* reexamination. On February 14, 2011, the USPTO issued an initial office action, rejecting claims 2, 4, and 7 under 35 U.S.C. § 102(e) as being anticipated by Alden. On December 16, 2011, the USPTO made this rejection final.

While the '011 patent has been working through the reexamination proceeding at the USPTO, this case has steadily advanced towards trial in the Eastern District of Texas. The Court issued its *Markman* order on September 20, 2011. Fact discovery closed on November 29, 2011. Expert reports and rebuttal expert reports were served for infringement, validity and damages on October 19, 2011, and on November 18, 2011. Pre-trial disclosures were exchanged by the parties on March 2, 2012. A jury will be selected on June 4, 2012.

On February 15, 2012, one day after the USPTO issued its final rejection of the asserted claims of the '011 patent, Citrix filed the pending Motion for Partial Stay. In its Motion, Citrix argues that "[b]ecause all the claims of one of the two remaining patents in this case are under final rejection at the PTO, and because the '011 patent is directed at an entirely distinct line of Citrix's products, further litigation of the '011 patent would only waste the resources of the parties and the Court and needlessly require additional witnesses and complicate issues for trial." (Dkt. No. 162, at 1-2.) Citrix asks this Court to stay this case with respect to the '011 patent pending completion of SSL's appeals of the Examiner's final rejection of claims 2, 4, and 7. *Id.*

### III.   Applicable Law

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon, Inc.,* 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299

U.S. 248, 254 (1936). Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC,* 356 F. Supp. 2d at 662.

### IV. Analysis

Each of the three factors weighs in favor of denying a stay. First, bifurcating and staying a portion of this action would unduly prejudice the patentee. SSL has waited for four years to enforce its patent rights in this Court, and "there is a strong likelihood that [the pending reexamination] may not finish until well after the current trial date." *See Ambato Media, LLC v. Clarion Co.,* Case No. 2:09-cv-242-JRG, 2012 U.S. Dist. LEXIS 7558, at *4 (E.D. Tex. Jan. 23, 2012). SSL indicates that it intends to pursue all necessary appeals to overturn the Examiner's rejection of the claims, a process that SSL expects to take approximately forty-two months. (Dkt. No. 176, at 4-5.) On the other hand, trial will begin in this case in less than *three* months. Granting Citrix's reexamination request at this late juncture will prejudice SSL's ability to protect its intellectual property rights. *See Soverain Software LLC*, 356 F.Supp. 2d at 662 ("Postponing trial pending reexamination a year into the case and only six months prior to trial would unduly prejudice [patentee's] ability to protect its property rights in the patents at issue."). The first factor weighs in favor of denying the stay.

The second factor, whether a stay would simplify the issues in this case, also weighs in SSL's favor. This Court has previously reasoned that "it is unwilling to adopt a per se rule that patent cases should be stayed during reexamination because some of the relevant claims may be affected. To do so would not promote the efficient and timely resolution of patent cases, but

would invite parties to unilaterally derail timely patent case resolution by seeking reexamination." *Soverain*, 356 F. Supp. 2d at 662-63.  As previously explained, the reexamination of the '011 patent is far from complete.  The Examiner's rejection of the claims does little to clarify the final scope of the claims that will eventually emerge from reexamination after SSL has exhausted all administrative and judicial courses of review.  Even if some of the asserted claims of the '011 patent ultimately change scope during reexamination, "the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold."  *Ambato Media, LLC,* 2010 U.S. Dist. LEXIS 7558, at *6 (citations omitted).  Citrix's Motion for Partial Stay asks this Court to hold two entirely separate trials – potentially many years apart – in light of the rejection of the asserted claims of one of the two patents in suit.  Because the reexamination proceedings are far from over, the Court is not willing to complicate this case by holding separate trials on the '796 and '011 patents.  The Court will address any changes in claim scope when the '011 patent exits reexamination – a far simpler approach than Citrix's proposal, which would require bifurcation and separate trials.  The second factor also weighs in favor of denying the motion before the Court.

The third factor, whether discovery is complete and whether a trial date is set, weighs heavily in favor of denying the stay.  This case has been pending for a number of years and the parties have expended enormous resources preparing this case for trial.  For example, almost four million pages of discovery have been produced and twenty-eight depositions have been taken.  The claim construction order issued over six months ago, fact discovery ended over three months ago, expert reports on infringement, validity and damages were exchanged and expert discovery were completed three months ago, multiple summary judgment / *Daubert* motions were filed last month, and trial witness and exhibit lists have already been exchanged.  (Dkt. No. 176, at 7-8.)

The pre-trial order is essentially complete and there is nothing left for the parties to do short of undertaking the actual trial of this case. Common sense dictates against "partially" staying a case on the eve of trial, when the results of reexamination will be uncertain for a significant length of time. The third factor also weighs in favor of denying a stay.

V.     **Conclusion**

All the relevant factors support denying the Motion before the Court. For these reasons, the Court **DENIES** Citrix's Motion for Partial Stay (Dkt. No. 162).

**So ORDERED and SIGNED this 16th day of March, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE