IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SSL SERVICES, LLC<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 2:08-cv-158-JRG |
| CITRIX SYSTEMS, INC., et al.<br>    Defendants. | §<br>§<br>§<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction**

Before the Court is Defendants Citrix Systems, Inc. and Citrix Online, LLC (collectively, "Citrix") Motion to Strike Plaintiff's Amended Infringement Contentions and Related Portions of its Expert Report. (Dkt. No. 134.) After carefully considering the parties' written submissions and the arguments of counsel, the Court DENIES Citrix's Motion.

**II.     Facts & Procedural Posture**

Plaintiff SSL Services LLC ("SSL") filed suit on April 11, 2008, alleging that Citrix infringes U.S. Patent Nos. 6,061,796 ("the '796 patent") and 6,158,011 ("the '011 patent"). SSL prepared and served infringement contentions on January 30, 2009, disclosing its theories of how Citrix infringed the asserted patents. Amended infringement contentions were served on July 6, 2009. Of particular relevance here, neither SSL's original nor amended infringement contentions accused Citrix of employing a "shim" in its alleged infringement of the '796 patent. (Dkt. No. 134, at 3.) Nor did SSL's infringement contentions accuse Citrix of infringing the "mutually authenticate the server and client computer initiating communications with the server" or "destination address" limitations under the doctrine of equivalents." *Id.*, at Ex. B.

On August 6, 2010, Citrix wrote to SSL outlining alleged deficiencies in SSL's Amended Infringement Contentions and specifying certain reasons why Citrix's GoTo services (an accused product) did not infringe the '796 patent, including the fact that GoTo services did not use a shim, as required by the patent. *Id*., at 4. Citrix pointed out that "SSL does not identify any 'shim' on any of the client computers, much less a shim that is part of software supplied by the [accused] GoTo services." *Id*. As part of its letter, Citrix also explained that, "[t]hroughout the patent, [the '796 patent] the terms 'address' and 'destination address' are used to mean the actual address of a computer on a network. *Id.*

SSL responded on October 6, 2009, and stated its position that "claim 27 [of the '796 patent] does not recite a shim." *Id*. SSL further added that "[c]laim 27 is differentiated from the other claims of the '796 patent in that it specifically does *not* recite the use of a shim. Indeed, the original claims that focused on the novel use of shims were cancelled from the '796 patent…" *Id*. SSL also rejected Citrix's interpretation of "destination address" stating that "[t]he term 'address' is not limited in the '796 patent." *Id*.

Citrix and SSL formally exchanged their respective proposed claim constructions on March 4, 2011. *Id*., at Ex. E. Therein, Citrix construed claim 27 of the '796 patent as requiring a "shim." Citrix also defined "mutual authentication" and "destination address." Likewise, SSL provided its own constructions for "shim," "mutual authentication" and "destination address." *Id*., at Ex. E. The parties disagreed on the constructions of each of these limitations, and participated in the Claim Construction Hearing before Judge Ward on May 18, 2011. (Dkt. No. 134, at 6.) Again, the parties presented arguments regarding their proposed constructions of "shim," "mutual authentication," and "destination address." *Id*. On September 20, 2011, the Court issued a claim construction order. *Id.*, at Ex. I. With regard to the three limitations at issue

2

in this motion, the Court adopted claim constructions that were not advocated by either party. For example, the Court construed the term "intercepting" to mean "using a shim to intercept or divert" and defined the term "shim" to mean "software that is added between two existing layers, which utilizes the same function calls of existing layers." *Id.*, at Ex. I, at 22, 42.

On October 20, 2011, pursuant to Local Patent Rule 3-6(a), SSL served amended infringement contentions accusing, for the first time, certain components of Citrix's software as meeting the above-described claim limitations, as construed by the Court. *Id.* On November 21, 2011, Citrix filed the present Motion to Strike SSL's amended infringement contentions as being untimely and not permitted under Local Patent Rule 3-6(a). (Dkt. No. 134.)

### III. Analysis

Local Patent Rule 3-6(a)(1) states:

> If a party claiming patent infringement believes ***in good faith*** that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Amended Infringement Contentions" without leave of court that amend its "Infringement Contentions" with respect to the information required by Patent R. 3-1(c) and (d).

(emphasis added). This exception allows parties to respond to an unexpected claim construction by the Court. *Nike, Inc. v. Adidas Am. Inc.*, 479 F.Supp 2d 664, 667 (E.D. Tex. 2007). The rule, however, does not allow parties to file amended infringement contentions simply because a claim construction order has been issued. *Id.* Rather, the right to amend is subject to the Court's duty to protect parties from unfair prejudice through "eleventh-hour alterations." *Id.* at 668 (quoting *IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 WL 1368860, *1 (N.D. Cal. June 16, 2004). Therefore, the Court requires that the party have a "good faith" belief that the claim construction requires the amendment. *See* P.R. 3-6(a)(1); *Saffran v. Boston Sci. Corp.*, No. 2:05-cv-547 (E.D.

Tex. Jan 28, 2008) ("The Court emphasizes that the amending party must believe in *good faith* that the court's claim construction requires the amendment.").

Citrix argues that the Court's claim construction order does not justify modification of SSL's infringement contentions to add new allegations against a previously unidentified component of Citrix's GoTo services, nor does it justify SSL adding two new theories under the Doctrine of Equivalents. (Dkt. No. 134, at 12.) The Court disagrees. Judge Ward's constructions of the three terms at issue were not included in either party's proposed definitions of claim terms or its *Markman* briefings. After carefully reviewing Judge Ward's claim construction order – and while recognizing the subjective nature of the "good faith" analysis – the Court is convinced that the constructions adopted by the Court were sufficiently "different" to justify amendment under the good faith standard of Local Patent Rule 3-6(a)(1).

Moreover, assuming *arguendo* that the claim constructions adopted by Judge Ward were not sufficiently unexpected to warrant amendment without leave of court under Local Patent Rule 3-6(a)(1), SSL has shown "good cause" for the Court to grant SSL leave to amend its infringement contentions under Local Patent Rule 3-6(b). "The Court has broad discretion to allow amendments to infringement contentions and considers four factors on ruling on motions for leave to do so: (1) the explanation for the party's failure to meet the deadline; (2) the importance of what the Court is excluding; (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Alexsam, Inc. v. IDT Corp.,* No. 2:07-cv-420, 2011 WL 108725, at *1 (E.D. Tex. Jan. 12, 2011); citing *S & W Enters. L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003.

In this case, each of the four "good cause" factors weighs in favor of granting SSL leave to amend. *First*, Judge Ward's claim construction ruling was different from either party's proposed

construction.  On this basis alone, the first factor weighs in SSL's favor.  *Second*, the parties do not dispute that the subject matter to be excluded is critical to this case.  In fact, Citrix has already confirmed that it will attempt to use the exclusion of this evidence as a basis for summary judgment.  (Dkt. No. 138, at 10.)  *Third*, Citrix will not suffer any appreciable prejudice if the amendment is allowed.  By Citrix's own admission, no additional discovery will be necessary is if the amendments are entered and Citrix's expert has already submitted a rebuttal expert report addressing the new theories of infringement.  (Dkt. No. 175, at 21-22.)  *Fourth*, the final factor, availability of a continuance, is not relevant here.  No additional discovery is necessary and no expert reports will require amendment or supplementation.  Jury selection is set for June 4, 2012, and that date will not be affected by the amendments to SSL's infringement contentions.  In sum, each of the relevant "good cause" factors weigh in favor of granting SSL leave to amend its infringement contentions.

## IV.   Conclusion

The Court finds that SSL's amended infringement contentions are proper because SSL has met the "good faith" requirement under Local Patent Rule 3-6(a)(1).  Moreover, the Court finds that SSL also has established "good cause" to amend its infringement contentions under Local Patent Rule 3-6(b) according to the four-factor test.  Therefore, the Court **DENIES** Citrix's Motion to Strike Plaintiff's Amended Infringement Contentions and Related Portions of its Expert Report (Dkt. No. 134).

**So ORDERED and SIGNED this 16th day of March, 2012.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE