**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SSL SERVICES, LLC § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:08-cv-158-JRG |
| § | |
| CITRIX SYSTEMS, INC., et al. § | |
| Defendants. § | |
| § | |
| § | |

**MEMORANDUM OPINION AND ORDER**

**I.   Introduction**

Before the Court is Defendants Citrix Systems, Inc. and Citrix Online, LLC's (collectively, "Citrix") Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,061,796. (Dkt. No. 164.)  After carefully considering the parties' arguments and written submissions, the motion is **DENIED**.

**II.   Facts & Procedural Background**

SSL Services, LLC ("SSL) filed suit on April 11, 2008, alleging that Citrix infringe U.S. Patent Nos. 6,061,796 ("the '796 patent") and 6,158,011 ("the '011 patent").  Citrix provides Internet-based products that allow consumers and businesses to remotely access computer systems.  One Citrix product, GoToMyPC, allows a user to remotely access a computer from a Web browser.  Other Citrix remote access products include GoToMeeting, GoToTraining and GoToAssist.  These are sometimes collectively referred to herein as the "GoTo Products."  SSL alleges that these GoTo Products infringe claim 27 the '796 patent[1], reproduced below:

> A method of carrying out communications over a multi-tier
> virtual private network, said network including a server and a

---
1 Claim 27 is the only claim asserted from the '796 patent.

>plurality of client computers, the server and client computers each including means for transmitting data to and receiving data from an open network, comprising the steps of:
>
>>intercepting function calls and requests for service sent by an applications program in one of said client computers to a lower level set of communications drivers;
>>
>>causing an applications level authentication and encryption program said one of said client computers to communicate with the server, generate a session key, and use the session key generated by the applications level authentication and encryption program to encrypt files sent by the applications program before transmittal over said open network;
>>
>>intercepting a destination address during initialization of communications between said one of said client computers and a second of said client computers on said virtual private network;
>>
>>causing said applications level authentication and encryption program to communicate with the server in order to enable the applications level authentication and encryption program to generate said session key;
>>
>>transmitting said destination address to said server;
>>
>>causing said server to communicate with the second of said two client computers;
>>
>>enabling said second of said two client computers to recreate the session key;
>>
>>causing said authentication software to encrypt files to be sent to the destination address using the session key; and
>>
>>**t**ransmitting the encrypted files directly to the destination address.

The Court construed several disputed claim terms in its September 20, 2011 *Markman* Order ("*Markman* Order"). (Dkt. No. 123.)

Citrix argues three separate grounds why summary judgment of non-infringement of claim 27 of the '796 patent should be granted: (1) GoTo Services do not perform the "destination address" steps under the Court's claim construction; (2) GoToMyPC and GoToAssist do not meet the step order limitation prescribed in the Court's claim construction; and (3) GoTo Services do not have a "shim" and do not perform the "intercepting" steps required by claim 27. (Dkt. No.

164.) SSL responds that each of Citrix's non-infringement arguments should be denied because they involve substantial factual disputes that can only be resolved by a jury at trial. (Dkt. No. 185.)

### III. Applicable Law

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). Summary judgment is proper when there is no genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

### IV. Analysis

Of the three non-infringement arguments advanced by Citrix, the closest question before the Court regards whether GoToMyPC and GoToAssist meet the step order limitation prescribed in the Court's claim construction order either literally or under the Doctrine of Equivalents ("DOE"). The Court finds that a detailed discussion of this question is warranted. However, Citrix's other assertions regarding the appropriateness of summary judgment do not appear to be

3

particularly close questions and the Court finds there are clear disputes of material fact as to those. Accordingly, the Court **DENIES** the Motion in all other respects.

      *A. Whether GoToMyPC Infringes Claim 27 Under the Doctrine of Equivalents*

The Court's *Markman* Order provides that "the stated objectives of the claimed invention require that a number of the steps must occur in a specific order. Otherwise, the claimed invention would not operate in a manner that would accomplish the stated principal objective of authenticated secure peer-to-peer communications." *See Markman* Order at 14. The *Markman* Order divides the steps of Claim 27 into four groups and noted that while all the steps in a group must be performed before the steps in the next group, steps within a group did not have to occur in a particular order. *Id*. Of particular relevance is the section of the *Markman* Order which requires that the Group II step of "generat[ing] the session key," must occur before the Group IV step of "causing said server to communicate with the second of said two client computers." *Id*. There is no dispute that GoToMyPC does not practice these steps in the required order.

To prove patent infringement, SSL has the burden of demonstrating that each and every claim limitation of the method set forth in Claim 27 is practiced in the accused GoTo Products, either literally or under the DOE. *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); *Warner-Jenkinson v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997). When an element of a claimed method is not literally present in the accused method, infringement may still be found under the DOE if a substantial equivalent of the claimed element is present in the accused method. *Warner-Jenkinson*, 520 U.S. at 40. "Infringement under the doctrine of equivalents may be found when the accused [method] contains an 'insubstantial' change from the claimed invention." *TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1376 (Fed. Cir. 2008) (citation omitted). The DOE must be applied to "individual elements of the claim, not to the invention as a

whole." *Warner-Jenkinson*, 520 U.S. at 29. In determining whether an element in an accused method is an "insubstantial change" from a claimed element the Court must determine whether the accused element "performs substantially the same function, in substantially the same way to obtain the same result." *TIP*, 529 F.3d at 1376. "An element of an accused product or process is not, as a matter of law, equivalent to a limitation of the claimed invention if such a finding would entirely vitiate the limitation." *PSN Ill., LLC v. Ivoclar Vivadent, Inc.*, 525 F.3d 1159, 1168 (Fed. Cir. 2008) (citation omitted); *see also TIP*, 529 F.3d at 1377 ("The doctrine of equivalents is not a license to ignore claim limitations.") The District Court is expected to exercise "special vigilance" to ensure that the DOE is not used to eliminate a claim element. *Warner-Jenkinson*, 520 U.S. at 29, 40.

The *Markman* Order requires that the claim steps occur in a particular order. Therefore, this "step order" is considered a "limitation" for purposes of the infringement analysis. SSL concedes that GoToMyPC does not literally infringe claim 27 because it does not precisely meet the step order limitation. Rather SSL contends that GoToMyPC satisfies the step order limitation under the DOE. Specifically, SSL argues that where the step order of GoToMyPC differs from the Court's determined step order, the step orders are equivalent in that the two orders both function to provide authenticated secure peer-to-peer communications in substantially the same way to obtain the same result. Citrix responds that "because the Court's claim construction requires step 27[g] to be performed ***after*** steps 27[c]/[e], and GoToMeeting performs it ***before***, no reasonable jury could find that the methods of GoToMyPC and Claim 27 are performed in substantially the same '*way*,' as required by the DOE." (Dkt. No. 164, at 26.)

Having carefully considered the issue, the Court finds that there is a genuine issue of material fact regarding whether GoToMyPC infringes claim 27 under the DOE. SSL's expert,

5

Dr. Kelly, concedes that GoToMyPC does not literally meet the step order limitation described in the *Markman* Order. However, he opines that GoToMyPC satisfies the step order limitation under the DOE because "both endpoint computers still have the necessary information to generate and recreate a session key, and thus both endpoint computers are still able to achieve the objective of an authenticated secure peer-to-peer communication, even though the session key was generated after the communication between the server and the second client computer." (Dkt. No. 185, at 22.) Therefore, though there is no dispute that GoToMyPC does not follow the ***exact*** step order set forth in Court's claim construction, a legitimate fact issue remains as to whether GoToMyPC follows a step order that is ***substantially*** the same as the step order outlined in the Court's claim construction and whether such achieves substantially the same result as where an exact replication of the step order exists. On this basis, the Court finds that there is a legitimate question of material fact as to whether GoToMyPC infringes claim 27 under the doctrine of equivalents. Viewing the evidence in a light most favorable to SSL, the Court finds that a reasonable jury could find that the step order of GoToMyPC performs substantially the same function as the invention described by claim 27 of the '796 patent, in substantially the same way to obtain substantially the same result.

> B. *Whether GoToAssist Infringes Claim 27 Either Literally or Under the Doctrine of Equivalents*

SSL raises a genuine issue of material fact as to whether GoToAssist literally infringes claim 27 by performing the step order of claim 27 in precisely the same order as determined by the Court's construction. *See, e.g.,* Dkt. No. 185, at 24-28. Further, for the reasons discussed above, SSL also raises a genuine issue of material fact as to whether GoToAssist infringes claim 27 under the doctrine of equivalents. *Id.*

## V.     Conclusion

Having carefully considered the written submissions and arguments of counsel, the Court finds that there are genuine disputes of material fact which must be decided by the jury and not the Court. Citrix's Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,061,796 is **DENIED**.

**So ORDERED and SIGNED this 4th day of June, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE